Rockingham
No. 89-218

THE STATE OF NEW HAMPSHIRE

v.

SCOTT J. SMITH

March 9, 1990

*John P. Arnold*, attorney general (*William H. Lyons*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON. J.   Before trial on a charge of being a felon in possession of a firearm, RSA 159:3 (Supp. 1988), defendant filed a motion to dismiss, arguing that the adoption of part I, article 2-a of the New Hampshire Constitution conferred the right to bear arms on *all* citizens, and therefore rendered RSA 159:3 (Supp. 1988) unconstitutional. The Superior Court (*Mohl*, J.) denied his motion, and defendant was convicted on stipulated facts by the Court (*Gray*, J.). The defendant now appeals, claiming that his conviction violated his constitutional right to bear arms and his right of due process, as guaranteed by part I, articles 2-a and 15

of the State Constitution. We find RSA 159:3 (Supp. 1988) constitutional, and therefore affirm.

The pertinent facts of this case are not in dispute. The defendant was convicted on May 10, 1982, in the superior court of burglary and theft by unauthorized taking. On September 29, 1986, defendant bought and took possession of a Remington rifle. The rifle was in his possession when he was charged with violating RSA 159:3 (Supp. 1988), which provides:

> "No person who has been convicted in this or any other state of a felony against the person or property of another, or who has been convicted of a felony under RSA 318-B [controlled substances legislation], shall own or have in his possession or under his control a pistol, revolver, or other firearm...."

We first examine defendant's claim that part I, article 2-a of the State Constitution invalidates RSA 159:3 (Supp. 1988). This article of the New Hampshire Constitution provides as follows:

> "All persons have the right to keep and bear arms in defense of themselves, their families, their property and the state."

The available legislative history of part I, article 2-a, proposed by the legislature in 1981 and approved by the voters in 1982, is not particularly helpful. However, the history of RSA 159:3 (Supp. 1988) persuades us that the legislature did not intend the constitutional amendment to invalidate the statute. Prior to the amendment's adoption, RSA 159:3 (1973 version, Laws 1973, 405:1) read:

> "No person who has been convicted of a felony against the person or property of another, shall own or have in his possession or under his control a pistol or revolver, *unless said weapon is obtained in accordance with the provisions of RSA 159:7....*"

(Emphasis added.) The pre-constitutional-amendment version of RSA 159:7 (1973 version, Laws 1973, 405:2) allowed felons to receive "a written permit to purchase [a firearm], signed by the selectmen of the town or the mayor or the chief of police of the city ...."

In 1981, the General Court amended both RSA 159:3 and 159:7. RSA 159:7 (Supp. 1988) now reads: "No person shall sell, deliver, or otherwise transfer a pistol, revolver or any other firearm, to a person who has been convicted, in any jurisdiction, of a felony . . . ."

In revising RSA 159:3, the legislature in 1981 deleted the reference to RSA 159:7. The statute that defendant was convicted of violating therefore simply forbids certain felons from possessing dangerous weapons where the felon has, by her or his action, shown dangerous propensities. RSA 159:3 (Supp. 1988). It is thus significant that the legislature proposed the constitutional amendment (part I, article 2-a) in 1981, the same year it decided to repeal the one means available to felons for obtaining firearms. The legislature could not reasonably have intended in 1981 to propose a constitutional amendment that would invalidate RSA 159:3, a statute that had been amended in the same year.

■ We note that New Hampshire voters, and not their legislature, made part I, article 2-a an amendment to the State Constitution. Therefore, since our inquiry in this case cannot end with a determination of legislative intent, we turn to standard constitutional analysis. As the defendant concedes, the State constitutional right to bear arms is not absolute and may be subject to restriction and regulation. Assuming that the right to bear arms is no more absolute than the right of free speech, N.H. CONST. pt. I, arts. 22 & 23, a restriction such as that provided by RSA 159:3 (Supp. 1988) may be sustained if it "narrowly serve[s] a significant governmental interest . . . ." *State v. Comley*, 130 N.H. 688, 691, 546 A.2d 1066, 1069 (1988). The governmental interest served by the statute, protection of human life and property, is patently significant.

■ The statute narrowly serves this interest by prohibiting a category of persons likely to be dangerous from possessing dangerous weapons. Included in the category are only those who have committed a felony against the person or property of another, or who have committed a felony under the controlled substance act, RSA chapter 318-B. Other felons, such as habitual offenders and perjurers, are not as likely to harm another's life or property, and therefore are not included in the category of felons forbidden to possess or own a firearm. Conceivably some felons falling within the reach of RSA 159:3 (Supp. 1988) are not potentially dangerous. However, on the standard we apply here, the statute need not be perfectly tailored, simply narrowly tailored. We hold that RSA 159:3 (Supp. 1988) narrowly serves a significant governmental interest in protecting the general public and is therefore constitutional.

We next turn to the defendant's second claim, that his conviction under RSA 159:3 (Supp. 1988) violated his right to due process under the State Constitution. N.H. CONST. pt. I, art. 15. He argues that, before his right to bear arms can be withdrawn, he is entitled to a hearing to determine whether his felony conviction for burglary and theft rendered him too dangerous to possess a rifle. We disagree.

In *Riblet Tramway Co. v. Stickney*, 129 N.H. 140, 145, 523 A.2d 107, 109–10 (1987), we stated:

> "In determining whether a particular State action violates the procedural due process requirement of the State Constitution, we undertake a two-part analysis. First, we determine whether the challenged State action concerned a constitutionally protected interest. If so, we proceed to determine whether the action was accompanied by the 'appropriate procedural safeguards.'"

(Citations omitted.) We have already determined that the narrow tailoring of RSA 159:3 (Supp. 1988) satisfies constitutional standards, although it restricts the right to bear arms as protected by part I, article 2-a of the State Constitution. As a convicted felon, therefore, the defendant has no constitutionally guaranteed right to bear arms. Because the defendant's conviction under RSA 159:3 (Supp. 1988) affected no constitutionally protected interest, the defendant has no State constitutional due process claim, and no right to a hearing to determine whether he is too dangerous to possess a rifle.

The legislature has decided that a felon such as the defendant is likely to be too dangerous to possess a firearm. This decision is constitutionally sound, and defendant's conviction is therefore affirmed.

*Affirmed.*

All concurred.