**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4042**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GEORGE FREDERICK MCCLAIN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:09-cr-00029-BR-1)

Submitted: July 22, 2011          Decided: August 16, 2011

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert W. Waddell, THE WADDELL LAW FIRM, PLLC, Greenville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Frederick McClain appeals the 180-month sentence imposed by the district court under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), following a guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2006). On appeal, McClain challenges the district court's finding that his 1965 North Carolina conviction for breaking and entering, his 1989 North Carolina conviction for felony sale of cocaine, and his 1990 conviction for felony possession with intent to sell and deliver cocaine qualified as predicate offenses for purposes of imposing the enhanced sentence under the ACCA. For the reasons set forth below, we affirm the district court's judgment.

Whether a prior conviction qualifies as a predicate offense under § 924(e) is a question of statutory construction that we review de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory minimum sentence if he violates 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses, committed on occasions different from one another. 18 U.S.C. § 924(e)(1). A serious drug offense is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as

defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii).

McClain argues that his two prior North Carolina drug convictions do not qualify as serious drug offenses because North Carolina no longer punishes those offenses by a maximum term of imprisonment of ten years or more. McClain's argument is foreclosed by McNeill v. United States, 131 S. Ct. 2218 (2011), in which the Supreme Court held that a sentencing court determines whether "an offense under State law is a serious drug offense by consulting the maximum term of imprisonment applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." Id. at 2224 (internal quotation marks omitted). McClain concedes that when he was convicted of the drug offenses, the convictions carried maximum terms of imprisonment of at least ten years. Accordingly, we conclude that the district court properly found that both of McClain's drug convictions qualified as serious drug offenses for purposes of the ACCA.

McClain next argues that the district court erred in finding that his 1965 North Carolina conviction for breaking and entering was a violent felony because the statute under which he was convicted does not meet the definition of generic burglary.

3

However, we have held that a conviction for breaking and entering under the current version of § 14-54, which is indistinguishable from the 1965 version, qualifies as "generic burglary," and is thus a predicate violent felony under the ACCA. United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (following Taylor v. United States, 495 U.S. 575 (1990), in interpreting § 924(e)). Accordingly, we find that the district court properly determined that McClain's breaking and entering conviction qualified as a violent felony.

McClain next claims that his civil rights were restored for the 1965 breaking and entering conviction, and thus that conviction could not be used as a predicate offense to enhance his sentence. Because McClain did not present this claim to the district court, we review it for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); Fed. R. Crim. P. 52(b). To establish plain error, McClain must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If McClain makes this three-part showing, we will reverse only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Under 18 U.S.C. § 921(a)(20), a prior felony conviction cannot be considered a predicate ACCA offense if the

4

person who was convicted has had his civil rights restored with regard to that conviction. While McClain may have had his civil rights restored at some point with regard to the 1965 conviction, North Carolina amended its Felony Firearms Act, N.C. Gen. Stat. § 14-415.1 (2009), in 1995 to "replace the five-year temporary handgun disability with a permanent ban on the possession of handguns and certain other firearms by ex-felons." United States v. Farrow, 364 F.3d 551, 554 (4th Cir. 2004). Thus, we find that § 14-415.1 revoked McClain's previously restored right to possess a firearm, and operated to reinstate the 1965 conviction for use as a predicate ACCA offense. McClain's reliance on Britt v. State, 681 S.E.2d 320 (2009) is misplaced, as it involve an as-applied challenge to § 14-415.1, and the facts of that case are manifestly distinguishable Thus, we conclude that the district court did not commit plain error in finding that McClain's 1965 offense qualified as a predicate ACCA offense.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5