An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-971

Filed 1 October 2025

Lincoln County, No. 20CRS051334-540

STATE OF NORTH CAROLINA

v.

KENNETH LEE DANIEL

Appeal by defendant from judgment entered 30 April 2024 by Judge W. Todd Pomeroy in Davidson County Superior Court. Heard in the Court of Appeals 10 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Joshua D. Abram, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for defendant-appellant.*

TYSON, Judge.

Kenneth Lee Daniel ("Defendant") appeals from a judgment entered upon a jury's verdict finding him guilty of possession of a firearm by a felon. We discern no error at trial.

## I. Background

Lincoln County Sheriff's Deputies responded to a call reporting a "verbal disturbance" at Defendant's home on 5 June 2020. Lisa Daniel, Defendant's then wife, called 911 asking for law enforcement officers to come to the couple's home in response to an argument. When the deputies arrived, Defendant admitted to being a felon and possessing guns located in a safe located inside the couple's home.

Defendant gave written consent to a search of their home, led the deputies to the safe, and provided a key ring which held another key to Defendant's truck. The officers recovered six .22 caliber rifles, three 12-gauge shotguns, one 20-gauge shotgun, one .30-06 caliber rifle, and several antique muzzle-loading black powder rifles. The deputies agreed the possession of antique muzzle-loading firearms is not prohibited by the felon firearm possession statute and seized solely the non-antique firearms. Defendant was arrested and charged with possession of a firearm by a felon in violation of N.C. Gen. Stat. § 14-415.1 (2023).

At the time of his arrest, Defendant was fifty-six years old with six prior convictions. Defendant was convicted in federal court in 2003 for conspiracy to possess controlled substances with the intent to distribute. Defendant was also convicted in North Carolina courts with for felony possession of cocaine in 1994, simple assault in 2008, drinking beer/wine while driving, and two driving while intoxicated, in 2010 and 2017.

Defendant filed a motion to dismiss based on an as-applied constitutional challenge to N.C. Gen. Stat. § 14-415.1 under the United States and North Carolina

Constitutions on 25 April 2024. After jury selection, but before impaneling, the trial court held a *Bruen* hearing, and denied Defendant's motion to dismiss. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 213 L.Ed.2d 387 (2022).

During trial, Detective James Woodard and Deputy Clayton Hallman testified Defendant had admitted the non-antique firearms belonged to him, under the mistaken impression he was legally allowed to own them. However, Lisa Daniel testified at trial she was the owner of the non-antique firearms.

The jury returned a verdict of guilty. The trial court sentenced Defendant as a prior record level III with 6 points and imposed a presumptive active sentence of 17 to 30 months, suspended for 30 months of supervised probation. Defendant entered oral and written notices of appeal.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2023).

## III.    Issues

Defendant argues the trial court erred in denying his motion to dismiss. He asserts N.C. Gen. Stat. § 14-415.1 is unconstitutional as applied to him under the Second Amendment of the Constitution of the United States and under the North Carolina Constitution. U.S. Const. amend. II; N.C. Const. art I, § 30; N.C. Gen. Stat. § 14-415.1 (2023). Defendant further argues the trial court plainly erred in failing to instruct the jury N.C. Gen. Stat. § 14-415.1 does not apply to antique firearms. *Id.*

### IV. Defendant's Motion to Dismiss

Defendant argues the trial court erred in denying his motion to dismiss because recent decisions of the Supreme Court of the United States render this statute unconstitutional as applied to him under the Second Amendment of the United States Constitution and Article I, Section 30 of the North Carolina Constitution. U.S. Const. amend. II; N.C. Const. art I, § 30.

### A. Standard of Review

"The standard of review for this Court to review the trial court's denial of a motion to dismiss is *de novo*." *State v. Miles*, 267 N.C. App. 78, 82, 833 S.E.2d 27, 30 (2019) (citation omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quotation marks omitted).

"We review a constitutional challenge to a criminal statute *de novo*." *State v. Nanes*, 297 N.C. App. 863, 866, 912 S.E.2d 202, 206 (2025) (citations omitted). "In exercising *de novo* review, we presume . . . laws enacted by the General Assembly are constitutional, and we will not declare a law invalid unless we determine that it is unconstitutional beyond [a] reasonable doubt." *State v. Grady*, 372 N.C. 509, 521-22, 831 S.E.2d 542, 553 (2019) (citations omitted). "The presumption of constitutionality is not, however, and should not be, conclusive." *Moore v. Knightdale Bd. of Elections*, 331 N.C. 1, 4, 413 S.E.2d 541, 543 (1992).

### B. Defendant's Second Amendment Challenge

The Second Amendment of the United States Constitution provides, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. While the Second Amendment preserves and protects an individual right of a citizen to possess a firearm for self-defense or for any lawful activity, the right to own and/or possess firearms is not unlimited. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) (citation omitted).

The Second Amendment further preserves and protects firearm ownership and possession rights of "ordinary, law-abiding citizens" both inside the home and outside the home. *Bruen*, 597 U.S. at 10, 213 L.Ed.2d at 401 (citation omitted). These Second Amendment preservations and protections are incorporated by the Fourteenth Amendment's Due Process Clause and is binding on any state action. *McDonald v. City of Chicago*, 561 U.S. 742, 791, 177 L.Ed.2d 894, 929 (2010).

When a firearm regulation is challenged, the government bears the burden of proving the regulation "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19, 213 L.Ed.2d at 406.

In determining whether N.C. Gen. Stat. § 14-415.1 is constitutional as applied to a particular Defendant, "we need not perform [a] felony-by-felony analysis." *State v. Ducker*, __ N.C. App. __, __, __ S.E.2d __, __, 2025 WL 1317459, at *4 (2025). "Prior to the Supreme Court's decision in *Bruen*, [this Court] held as-applied challenges to

Section 14-415.1 to be universally unavailing because convicted felons fall outside of the protections of the Second Amendment." *Id.* (citing *State v. Fernandez*, 256 N.C. App. 539, 546-47, 808 S.E.2d 362, 367-68 (2017)).

In *Fernandez*, this Court adopted the United States Court of Appeals for the Fourth Circuit's reasoning in *Hamilton v. Pallozzi*, 848 F.3d 614 (4th Cir. 2017), which held any "conviction of a felony necessarily removes one from the class of 'law-abiding, responsible citizens' for the purposes of the Second Amendment." *Id.* at 626, ___ S.E. 2d at ___. "[P]rohibiting convicted felons from possessing firearms is within the nation's history and tradition of firearm regulation." *Nanes*, 297 N.C. App.at 868, 912 S.E.2d at 207.

Following *Bruen*, United States Court of Appeals the Fourth Circuit again reached the same conclusion. *United States v. Hunt*, 123 F.4th 697, 703, 705 (2024) (holding *Bruen* does not undermine the Court's previous holding that convicted felons are not protected by the Second Amendment). This Court, in *Ducker*, agreed with the *Hunt's* post-*Bruen* reasoning, concluding:

> As the Supreme Court has repeatedly, in *Bruen* and other decisions, defined the right to bear arms as one afforded to "law-abiding citizens," nothing in *Bruen* upsets prior determination . . . the possession of firearms by felons falls outside of its protections. Because we agree with the Fourth Circuit . . . *Bruen* does not abrogate decisions like *Hamilton* [,which] hold as such, we are bound by our decision in *Fernandes* and continue to hold Section 14-415.1 regulates conduct outside of the Second Amendment's protections.

*Ducker*, __ N.C. App. at __, __ S.E.2d at __, 2025 WL 1317459, at *5.

The trial court did not err by denying Defendant's motion to dismiss. Defendant's as-applied challenge under the Constitution of the United States fails. We need not reach the question of whether there is a historical tradition of similar regulations. *Id.*

## C. Defendant's Article I, Section 30 Challenge

Defendant further challenges Section 14-415.1 as applied to him under the North Carolina Constitution. N.C. Const. art. I, § 30; N.C. Gen. Stat. § 14-415.1(2023). Article I, Section 30 of the North Carolina Constitution provides, "[a] well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed."  N.C. Const. art. I, § 30.

The test for challenges under Article I, Section 30 is to determine "whether the challenged action is 'reasonable and not prohibitive' and 'bear[s] a fair relation to the preservation of the public peace and safety."  *Britt v. State*, 363 N.C. 546, 549, 681 S.E.2d 320, 322 (2009).

The Supreme Court of North Carolina has focused on five factors to analyze whether a convicted felon can be constitutionally disarmed:

> (1) the type of felony convictions, particularly whether they involved violence or the threat of violence;
>
> (2) the remoteness in time of the felony convictions;
>
> (3) the felon's history of law-abiding conduct since the crime;
>
> (4) the felon's history of responsible, lawful firearm

> possession during a time period when possession of firearms was not prohibited; and
>
> (5) the felon's assiduous and proactive compliance with Section 14-415.1.

*State v. Whitaker*, 201 N.C. App. 190, 205, 689 S.E.2d 395, 404 (2009) (citing *Britt*, 363 N.C. at 550, 681 S.E.2d at 323).

The individual challenging Section 14-415.1 "must present evidence which would allow the trial court to make findings of fact" as to each factor so that this Court can "base our analysis upon uncontroverted evidence presented to the trial court regardless of the trial court's factual findings." *Ducker*, __ N.C. App. at __, __ S.E.2d at __, 2025 WL 1317459, at *6; N.C. Gen. Stat. § 14-415.1 (2023).

While no single factor is determinative, *Id.*, Defendant has failed to present sufficient evidence showing Section 14-415.1 is "an unreasonable regulation, not fairly related to the preservation of public peace and safety," *Britt*, 363 N.C. at 550, 681 S.E.2d at 323.

Defendant argues, citing *State v. Tirado*, 387 N.C. 104, 911 S.E.2d 51 (2025), Article I, Section 30 "must be interpreted and applied in 'lockstep' with the Second Amendment." He asserts the trial court did not need "to apply any test beyond what is required under *Bruen*." Defendant has failed to "present evidence which would allow the trial court to make findings of fact" to show the five-factor test "as applied to him, is an unreasonable regulation, not fairly related to the preservation of public peace and safety", *Ducker*, __ N.C. App. at __, __ S.E.2d at __, 2025 WL 1317459, at

*6 (quotation marks omitted). "An appellate court does not engage in factfinding, and we base our analysis upon uncontroverted evidence presented to the trial court regardless of the trial court's factual findings." *Id.* (citation omitted).

Defendant failed to meet his burden under a state constitutional challenge. The trial court did not err by denying Defendant's motion to dismiss. N.C. Const. art I, § 30. Defendant's argument is overruled.

## V.   Antique Firearms Instruction

Defendant argues the trial court erred in failing to instruct the jury to find antique firearms do not fall within the prohibitions of N.C. Gen. Stat. § 14-415.1 (2023). Defendant failed to request the instruction. *See* N.C. R. App. P. 10(a)(1). Where a defendant fails to object and preserve errors at trial, this Court reviews alleged errors under plain error review. *State v. Lawrence*, 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012).

## A. Standard of Review

This Court has held:

> The plain error rule "is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record," the error is found to have been "so basic, so prejudicial, so lacking in its elements that justice cannot have been done" or that it had a "probable impact on the jury's finding that the defendant was guilty."

*State v. Theer*, 181 N.C. App. 349, 363, 639 S.E.2d 655, 665 (2007) (citation omitted).

## B. Analysis

"The jury charge is one of the most critical parts of a criminal trial." *State v. Watson*, 367 N.C. 721, 730, 766 S.E.2d 312, 318 (2014). "The purpose of a charge to the jury is to give a clear instruction to assist the jury in an understanding of the case and in reaching a correct verdict, including how the law should be applied to the evidence." *State v. Fletcher*, 370 N.C. 313, 324-25, 807 S.E.2d 528, 537 (2017) (citations and quotation marks omitted). A jury instruction is required only when it is "correct in itself and supported by evidence." *State v. Lamb*, 321 N.C. 633, 644, 365 S.E.2d 600, 605-06 (1988) (citation omitted).

Here, Defendant was charged with being a felon in possession of a firearm under N.C. Gen. Stat. § 14-415.1, which provides, "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction[.]" N.C. Gen. Stat. § 14-415.1(a) (2023).

The statute further limits and provides it "does not apply to an antique firearm, as defined in G.S. 14-409.11." *Id.* An antique firearm includes "[a]ny muzzle loading rifle … which is designed to use black powder substitute, and which cannot use fixed ammunition." N.C. Gen. Stat. § 14-409.11(a)(3).

Defendant argues the trial court committed plain error by failing to instruct the jury Defendant could not be convicted as charged "based on his admitted ownership of the antique black-powder muzzle-loaders recovered[.]" When giving the jury instructions, the trial court explained the definition of "possession" before stating

to the jury:

> [i]f you find from the evidence beyond a reasonable doubt that the defendant pled guilty to the felony possession of cocaine that was committed on April 2nd, 1994, in violation of the laws of the State of North Carolina, and that the defendant after December 6, 1994, possessed or had within the defendant's custody or care or control a firearm, it would be your duty to return a verdict of guilty."

While the trial court did not give any instruction regarding antique firearms, Defendant neither proposed such an instruction nor objected to its omission. Defendant was charged only with possession of non-antique firearms. During trial, Detective Woodard and Deputy Hallman testified on cross examination N.C. Gen. Stat. § 14-415.1 did not apply to antique firearms.

The trial court did not commit plain error when failing to instruct the jury antique firearms did not violate N.C. Gen. Stat. § 14-415.1 or define an "antique" firearm because there was other "ample evidence of defendant's individual guilt." *State v. Maddux*, 371 N.C. 558, 565, 819 S.E.2d 367, 372 (2018).

"[P]ossession of a firearm can be actual or constructive." *State v. Wirt*, 263 N.C. App. 370, 376, 822 S.E.2d 668, 672 (2018). "[A] person has constructive possession of a firearm when, although not having actual possession, the person has the intent and capability to maintain control and dominion over the firearm." *State v. Billinger*, 213 N.C. App. 249, 253-54, 714 S.E.2d 201, 205 (2011) (citation omitted).

The evidence supporting Defendant's individual guilt included the following: (1) Defendant owned non-antique firearms in the past; (2) the non-antique firearms

were in a safe inside Defendant's house; (3) the key to the safe was on the same keychain as Defendant's truck; (4) the antique firearms, which Defendant admitted to owning, were in the same safe as the non-antique firearms; and, (5) Detective Woodard and Deputy Hallman testified Defendant had admitted ownership of the non-antique firearms under a mistaken belief he was allowed to own them.

We conclude the trial court did not commit plain error by failing *ex mero motu* to specifically instruct the jury to conclude antique firearms did not fall within the prohibitions of N.C. Gen. Stat. § 14-415.1 (2023). Defendant was not charged with being in possession of antique firearms and substantial evidence tended to show Defendant had constructively possessed non-antique firearms. Presuming plain error, Defendant cannot show prejudice or a probable impact on the jury's finding Defendant was guilty. Defendant's argument is overruled.

## VI.    Conclusion

The trial court did not err when it denied Defendant's motion to dismiss based on his as-applied challenges to N.C. Gen. Stat. § 14-415.1 under the Constitution of the United States and the North Carolina Constitution. U.S. Const. amend. II; N.C. Const. art. I, § 30. The holding in *Bruen* does not abrogate *Fernandez. Bruen*, 597 U.S. at 10, 213 L.Ed.2d at 401. *Fernandez,* 256 N.C. App. at 546-47, 808 S.E.2d at 367-68. Defendant failed to meet his burden to challenge the statute based on Article I, Section 30 of the North Carolina Constitution. N.C. Const. art. I, § 30.

In the absence of a request or objection, the trial court did not commit plain

error when it failed *ex mero motu* to instruct the jury on antique firearms' relevance to N.C. Gen. Stat. § 14-415.1(2023). Ample evidence of Defendant's guilt was presented to overcome any presumed error had a probable impact on the jury to find Defendant guilty. Defendant received a fair trial, free from prejudicial issues he preserved and argued. Our review shows no error in the jury's verdict or in the judgment entered thereon. *It is so ordered.*

NO ERROR.

Judges GORE and MURRY concur.

Report per Rule 30 (e).