STATE OF NORTH CAROLINA v. CHRISTOPHER BUDDINGTON, Defendant

No. COA10-286

(Filed 1 March 2011)

**Firearms and Other Weapons— possession by felon—as applied constitutional challenge—no evidence or stipulations**

The trial court erroneously dismissed an indictment for possession of a firearm by a felon where defendant filed an unverified motion to dismiss on constitutional grounds but no evidence was presented at the hearing and there were no clear stipulations. In order for defendant to prevail through an as-applied constitutional challenge to N.C.G.S. § 14-415.1, he must present evidence which would allow the trial court to make findings about the factors in *Britt v. State*, 363 N.C. 546.

Appeal by the State from order entered 5 October 2009 by Judge L. Todd Burke in Superior Court, Rockingham County. Heard in the Court of Appeals 13 September 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellee.*

STROUD, Judge.

Defendant was indicted for possessing a firearm as a felon. Defendant filed a motion to dismiss which the trial court granted. Because defendant failed to present any evidence in support of his motion to dismiss the indictment on an as-applied constitutional challenge, the trial court erred in granting the motion to dismiss, and we reverse.

## I. Background

On or about 7 May 2007, defendant was indicted for possession of a firearm by a felon under N.C. Gen. Stat. § 14-415.1. On 18 September 2009, defendant filed an unverified motion to dismiss the possession of a firearm by a felon charge claiming, *inter alia*, that pursuant to *Britt v. State*, 363 N.C. 546, 681 S.E.2d 320 (2009), N.C. Gen. Stat. § 14-415.1 was unconstitutional as applied to him.[1] Defendant's motion discusses, *inter alia*, his prior felony of maintaining a vehicle/dwelling/place to keep controlled substances pursuant to N.C. Gen. Stat. § 90-108, his completion of probation, the restoration of his rights to possess a firearm, and how the subsequent amendments to N.C. Gen. Stat. § 14-415.1 affected his right to possess a firearm. On 5 October 2009, the trial court ordered that the indictment against defendant be dismissed because "N.C. Gen. Stat. § 14-415.1 as amended is not a reasonable regulation, as applied to the Defendant, and that applying said statute to the Defendant would violate his constitutional rights under Article I, Section 30 of the North Carolina Constitution." The State appeals.

## II. No Evidence Presented at Hearing

The State first argues that "the findings of fact are not supported by competent evidence because there was no evidence presented." (Original in all caps.) The State contends that "[n]o evidence was presented at the hearing on defendant's motion to dismiss and no

---

1. We note that the legislature has now provided a way for qualified individuals to petition the court to have their right to possess a firearm restored pursuant to N.C. Gen. Stat. § 14-415.4. *See* 2010 N.C. Sess. Laws 108 § 1. N.C. Gen. Stat. § 14-415.4 "becomes effective February 1, 2011, and applies to offenses committed on or after that date. Prosecutions for offenses committed before the effective date of this act are not abated or affected by this act, and the statutes that would be applicable but for this act remain applicable to those prosecutions." 2010 N.C. Sess. Laws 108 § 7.

stipulations were agreed to, and no documentary or physical evidence was marked, offered or admitted into evidence except defendant's motion for dismissal."

Though defendant filed a motion to dismiss, his motion is not based on a challenge to the sufficiency of the evidence. Instead, defendant's motion to dismiss is based upon a constitutional claim. "The standard of review for questions concerning constitutional rights is de novo. Furthermore, when considering the constitutionality of a statute or act there is a presumption in favor of constitutionality, and all doubts must be resolved in favor of the act." *Row v. Row*, 185 N.C. App. 450, 454-55, 650 S.E.2d 1, 4 (2007) (citation, quotation marks, and ellipses omitted), *disc. review denied*, 362 N.C. 238, 659 S.E.2d 741, *cert. denied*, —— U.S. ——, 172 L. Ed. 2d 39 (2008).

We agree with the State that "no evidence was presented at the hearing[.]" The trial court's order provides that it is "[b]ased upon the records of the Clerk of Superior Court for Rockingham County, the motions filed in this matter, and the statements of counsel[.]" In the appellate record before us there are no "records of the Clerk of Superior Court for Rockingham County[,]" and according to the hearing transcript, no records were ever submitted to the trial court or admitted as evidence. Furthermore, the only motion we are aware of is defendant's unverified motion to dismiss. Defendant also did not file an affidavit in support of his motion to dismiss. Therefore, in considering what was before the trial court, we have only defendant's unverified motion to dismiss and "the statements of counsel[.]" However, neither unverified motions nor counsels' statements are evidence. *See State v. Roache*, 358 N.C. 243, 289, 595 S.E.2d 381, 411 (2004) ("[I]t is axiomatic that the arguments of counsel are not evidence." (citation and quotation marks omitted)); *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 511, 181 S.E.2d 794, 798 (1971) ("The unverified motion did not prove the matters alleged therein and is not evidence thereof.")

Defendant contends that "the trial court's order rested on an adequate factual foundation as the parties stipulated to the evidence." (Original in all caps.) During the hearing, the attorneys discussed various matters, including: defendant's prior convictions; sentencing; how the case was to be tried in front of the jury; defendant's contentions of how *Britt* required that defendant's case be dismissed because N.C. Gen. Stat. § 14-415.1 was unconstitutional as applied to him; and the amendments to N.C. Gen. Stat. § 14-415.1 and how they had affected defendant's right to possess a firearm. After all

of these arguments and discussions, on page 14 of the transcript the trial court then asked the State, "Uh-huh. All right. On these facts, where was he when the—can y'all stipulate as to what the facts are, as to where he was when the—if you don't agree with it, Mr. Berger, [State's attorney,] let me know. Mr. Berger?" Mr. Berger then went on to state the specifics of defendant's pending charge; defendant's counsel did not stipulate to or indicate approval of the State's statements. Then both attorneys continued to argue about various matters, including the applicability of *Britt* to defendant's case. The trial court then ruled in favor of defendant.

"A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof." *Realtors, Inc. v. Kinard* 45 N.C. App. 545, 546, 263 S.E.2d 38, 39 (1980). "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." *State v. Alexander*, 359 N.C. 824, 828, 616 S.E.2d 914, 917 (2005) (citation and quotation marks omitted). In order for defendant to prevail in a motion to dismiss through an as-applied constitutional challenge to N.C. Gen. Stat. § 14-415.1, he must present evidence which would allow the trial court to make findings of fact regarding

> (1) the type of felony convictions, particularly whether they "involved violence or the threat of violence," (2) the remoteness in time of the felony convictions; (3) the felon's history of "lawabiding conduct since the crime," (4) the felon's history of "responsible, lawful firearm possession" during a time period when possession of firearms was not prohibited, and (5) the felon's "assiduous and proactive compliance with the 2004 amendment."

*State v. Whitaker*, —— N.C. App. ——, ——, 689 S.E.2d 395, 404 (2009) (brackets omitted) (citing *Britt* at 550, 681 S.E.2d at 323), *aff'd*, 364 N.C. 404, 700 S.E.2d 215 (2010).

*Britt* therefore requires presentation of some evidence upon which the trial court could make findings of fact regarding the factors. *See id.* Certainly, defendant's complete criminal record, both prior to and after his felony conviction up to the time of the charge for possession of a firearm by a felon, could show "the type of felony convictions" and their "remoteness in time" as well as defendant's "history of 'lawabiding conduct since the crime[.]' " *Id.* Evidence as to

STATE v. BUDDINGTON

[210 N.C. App. 252 (2011)]

defendant's criminal record or the other factors could also be presented by affidavits and witness testimony. Defendant and the State could also enter into stipulations as to these facts.

Here, our record does not demonstrate that defendant's criminal record was submitted to the trial court, although counsel for both defendant and the State discuss various convictions during their arguments. Without any evidence or any clear stipulation to facts which, at the very least, address the five factors in *Britt*, the trial court could not have properly granted defendant's motion to dismiss. *See id.* While the State through its failure to object, failure to correct, and/or silence may arguably have stipulated to some facts presented by defendant, the State certainly did not stipulate to all of the facts as stated by defendant in the transcript. *State v. Hurley*, 180 N.C. App. 680, 684, 637 S.E.2d 919, 923 (2006) ("Stipulations do not require affirmative statements and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object, yet failed to do so."), *disc. review denied*, 361 N.C. 433, 649 S.E.2d 394 (2007). Furthermore, the terms of any stipulations which may have occurred at the hearing were not "definite and certain." *Alexander* at 828, 616 S.E.2d at 917. In carefully considering the entire transcript, we have been unable to ascertain exactly which statements by defendant's counsel the State may have "stipulated" to, since, at times during the hearing, the State argued specific facts of its own and disagreed with defendant's characterization of the facts as applicable to the *Britt* factors. Without a "definite and certain" stipulation to the facts pertinent to the *Britt* factors, *id.*, and without any other evidence, the trial court had no basis for its findings of fact. Without evidence the trial court could not have found N.C. Gen. Stat. § 14-415.1 unconstitutional as applied to defendant. *Whitaker* at ——, 689 S.E.2d at 404. Therefore, we agree with the State's argument that the trial court erroneously dismissed the indictment against defendant.

III. Conclusion

As the trial court erroneously dismissed the indictment, we reverse. As we are reversing the order granting the motion to dismiss, we need not address the State's second argument on appeal.

REVERSED.

Chief Judge MARTIN and Judge ERVIN concur.